BIBB T. PRIDDY v. KERNERSVILLE LUMBER COMPANY, INC.

(Filed 30 October 1963.)

**1. Estoppel § 4—**

 The fact that the mortgagee, after filing the last and highest bid at the sale of the property in the foreclosure of a materialman's lien, takes possession of the property has no bearing upon whether the mortgagee is estopped from attacking the materialman's lien for fraud, since after default the mortgagee is entitled to possession under his mortgage irrespective of any foreclosure sale.

**2. Appeal and Error § 60—**

 Where the Supreme Court has held that a mortgagee was not estopped from attacking the validity of a materialman's lien, the decision becomes the law of the case, and an appeal from order of the Superior Court in conformity with the decision will be dismissed in the absence of new evidence sufficient to affect the ruling.

APPEAL by defendant from *Johnston, J.,* May 20, 1963, Session of FORSYTH.

Fred M. Parrish, Jr. and Weston P. Hatfield for plaintiff.
Frank C. Ausband and Clyde C. Randolph, Jr., for defendant.

PER CURIAM.   W. A. Davis and wife began in 1959 the construction of a house on a lot owned by them. Defendant furnished some or all of the building materials. Plaintiff made loans to Davis and wife of $8500 on 19 October 1960, and $1500 on 15 June 1961, secured by deeds of trust on the house and lot, recorded on the dates of their execution. On 25 September 1961 defendant filed a materialman's lien against this property in the amount of $4995.88, setting out that the materials were furnished under an indivisible contract, that the first materials were furnished 14 May 1959, and the last 24 April 1961. The last three items were of insignificant value, furnished at intervals of almost six months apart—the final item was furnished almost six months before the lien was filed. On 21 February 1962 defendant instituted an action against Davis and wife to enforce the lien. Plaintiff was not made a party. Judgment by default was entered 28 March 1962. Execution issued and the sheriff offered the property for sale at public auction on 25 May 1962. Plaintiff was the highest bidder at the price of $6100.

On 29 May 1962 plaintiff instituted the present action to establish the priority of his deeds of trust over defendant's lien, alleging that, to defraud plaintiff, defendant had included in its claim of lien the last three items listed therein which were furnished subsequent to the completion of its contract for the mere purpose of extending the time for filing lien. Plaintiff prayed for an order restraining the completion of the execution sale. A temporary restraining order was issued to that end. Defendant entered a general denial, and pleaded that by bidding at the sale plaintiff was estopped to attack the sale and the judgment pursuant to which the sale was made.

The parties waived jury trial. The superior court found that defendant's lien was entitled to priority and dissolved the restraining order. Plaintiff appealed.

We heard the appeal at the Fall Term 1962. Priddy v. Lumber Co., 258 N.C. 653, 129 S.E. 2d 256. Reference is made to the opinion, delivered by Justice Sharp and filed 1 February 1963, for a more detailed recital of the pleadings, evidence, judgment of superior court and opinion of this Court. We held, upon the evidence adduced at the trial in superior court, that the purpose of the disputed items in defendant's claim of lien (the last three items) was to extend the time for filing lien and not in good faith for completion of the contract, that defendant's attempts to extend the time for filing lien constituted

constructive fraud, and that defendant's plea of estoppel does not apply since defendant has not changed its position in reliance on plaintiff's bid. We decreed a new trial and suggested that plaintiff "would be well advised to move below to be allowed to withdraw his bid" (citing *Glass Co. v. Forbes*, 258 N.C. 426, 128 S.E. 2d 875).

Thereafter defendant filed motion and alleged that plaintiff had taken possession of the property, was collecting rents for which he had not accounted, and that this amounted to a ratification of the sale and his bid and worked an estoppel to attack the judgment under which the sale was made and rendered the question of priority of liens moot. Defendant prayed that the restraining order be dissolved, the sale be affirmed, and plaintiff's action be dismissed.

Following this, plaintiff moved for leave to withdraw his bid.

The court granted plaintiff's motion, denied defendant's motion, appointed a receiver for the property, and ordered plaintiff to account to the receiver for rents collected (less proper disbursements for expenses). Defendant appeals.

The new trial ordered by this court has not been held. There has been no material change in circumstances since the former appeal, so far as the record on the present appeal discloses. Apart from his bid at the sale, plaintiff as mortgagee had the right to possession of the mortgaged property subject to his duty to account for rents. In granting plaintiff's motion for leave to withdraw his bid, the court below was exercising a discretion that we had indicated was proper under the circumstances. Defendant's appeal is, in effect, a mere petition to rehear the former appeal. Defendant seeks only to establish its plea of estoppel—a matter we ruled on in our former opinion; our ruling must stand unless defendant is able to establish it upon the retrial by evidence which has not so far come to our attention.

Appeal dismissed.